Richard T. Arnold
P.O. Box 4891
Hagatna, Guam, 96932
Ph: (671) 888-8809
email: guamcontractor@gmail.com



FILED
DISTRICT COURT OF GUAM
APR 30 2018
JEANNE G. QUINATA
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

CIVIL CASE NO.

Jury Trial Demanded  18-00016

| | | |
|---|---|---|
| RICHARD T. ARNOLD | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT FOR DAMAGES FOR |
| ELLEN WILKINSON, SAN UNION | ) | HARASSMENT, FRAUD, CONSPIRA- |
| CORPORATION, OFFICER VERELLA, | ) | CY OF FALSE IMPRISONMENT, |
| OFFICER CHAMPION, AND OFFICER | ) | BURGLARY, AND DEFAMATION |
| PALACIOS, | ) | OF CHARACTER |
| Defendants, | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF LABOR, | ) | |
| Interested third party. | ) | |

------------

## JURISDICTION

1. This court has subject matter jurisdiction under 28 U.S.C. § 1331 due to a violation of the Fourth Amendment to the Constitution of the United States. The federal question is answered because the subject matter pertains to Arnold's false imprisonment.

## PARTIES

2. Plaintiff is a resident of Guam. Police officers Verella, Champion, and, Palacios are citizens of Guam and Arnold sues them in their personal capacities. Ellen Wilkinson is a foreign national and a resident of Guam. San Union Corporation is a Guam corporation, it is believed, duly authorized to do business on Guam.

## FOREWORD

3. Arnold files this case to toll Guam's statute of limitation for false imprisonment. The false imprisonment was the culmination of a pattern of abuse and severe retaliation against Arnold because he re-injured his arm on the job, secured a doctor's excuse to take one week off from work, and, potentially would file a workmen's compensation claim against San Union of which Arnold had no intent.

4. The United States Department of Labor is an interested party because the case is under investigation by that agency for at least the wrongful termination of Arnold's employment. It is unknown when the agency will conclude its investigation.

5. Although the false imprisonment, posting of humiliating and discriminatory documents, harassment, threats, and burglary of his apartment by San Union's

management are issues of a pattern of severe retaliation, Arnold is uncertain if the Department of Labor will consider these issues as part of the claims and settlement against San Union and Ellen Wilkinson.

## BACKGROUND INFORMATION

6. Arnold was employed with San Union Corporation between August, 2012 and March, 2016. After securing a doctor's excuse for an on the job injury of his right shoulder and bicep on March 11, 2016, Arnold arrived home to find a letter attached to his door which was a termination of his employment. Termination for reporting an injury is illegal. The letter also increased Arnold's rent by $325.00 which was illegal under Guam law and the letter also gave Arnold a 30 day notice to vacate his apartment which was a breach of contract and also illegal under Guam law.

7. While Arnold was attempting to find another apartment, management for San Union posted on Harmon Garden Apartment's bulletin board four documents designed to embarrass and humiliate Arnold. One document purported to deny Arnold the right to buy a Coca-cola, a newspaper, a gallon of water, or do his laundry on the premises. This is also illegal under anti-discrimination law.

8. Another issue was a threat on Arnold's life wherein a friend of Arnold's, Mr. Patrick Sullivan, videoed the manager of Harmon Garden Apartments, David

3

Andrus, ranting in a perturbed rage and threatening to take Arnold out on a one-way fishing trip out of Apra Harbor: "And you'll never come back pal!" He stated this a couple of times and because Arnold had filed complaints with OSHA and HUD he was using expletives against these two agencies.

## STATEMENT OF FACTS

9.     On April 20, 2016, Ms. Ellen Wilkinson approached aforementioned Patrick Sullivan, and asked him to set up a meeting with Arnold for the next day. The meeting occurred April 21, 2016, between Arnold, Ms. Wilkinson, and, Patrick Sullivan in attendance. Arnold was under the impression that she requested the meeting to amicably resolve certain issues. Ms. Wilkinson was tyrannical in demeanor demanding the keys to Arnold's apartment and also demanded that Arnold sign a document. Arnold politely refused to give her his keys or sign the document. She became enraged chasing Arnold out of her office screaming "Get out! Get out!" and other sentiments. She even followed Arnold outside of her office screaming.

10.     The next day, on April 22, 2016, Arnold attempted to serve Ms. Wilkinson a filed copy of a motion to strike her unlawful detainer action against him in the rotunda of the local courthouse but she refused to accept it and yelled "Richard you are disgusting!" Arnold immediately and intelligently walked away

4

Case 1:18-cv-00016   Document 1   Filed 04/30/18   Page 4 of 12

from her but Ms. Wilkinson stayed right on his heels yelling "You better walk away from me!" "You better walk away from me!" repeatedly halfway around the rotunda. It has been Arnold's policy for 40 years to simply walk away from angry women.

11. Before and after the April 22nd hearing in the courtroom Ms. Wilkinson made false accusations against Arnold claiming he was dangerous and she needed an escort exiting the courthouse. The hearing was very brief and another hearing date was set for April 29, 2016. Upon exiting the courtroom Arnold advised Judge Sukola that Ms. Wilkinson was making false accusations and that he is a peaceful, non-violent man and that Ms. Wilkinson had chased him twice.

10. San Union's attorney filed an Amended Unlawful Detainer against Arnold on April 26, 2016. Because Ms. Wilkinson had chased Arnold twice screaming and yelling and because she accused him of being dangerous, he filed a Motion for a Court Order to Plaintiffs to Cease and Desist Harassment of Arnold delineating the two incidents and served on San Union's attorney, Ms. Leslie Travis before the hearing before Judge Perez.

11. Another very brief hearing occurred before Judge Perez on April 29, 2016, and was continued until May 06, 2016. Arnold was not mad at all and was actually happy because the judge delayed trial for another week which gave Arnold

5

more time to find a new apartment. On the other hand, the one week postponement of trial for the second week in a row made Ms. Wilkinson angrier than the week before. It is interesting to note that only one week before she requested to be escorted from the courthouse claiming that Arnold was dangerous and she need protection but no such false accusations or request for an escort was made by her during the second hearing.

12. After the hearing on April 29, 2016, that was continued until May 06, 2016, Patrick Sullivan asked Arnold to wait for him for a minute. Arnold sat down on a bench in the hall of the rotunda of the courthouse and began to read court documents. Arnold did not notice when Ms. Wilkinson walked past him but when he looked up she was looking back at him with angry eyes and came charging at him for a third time in eight days. The **Motion for Order to Plaintiffs to Cease and Desist Harassment of Arnold** that Arnold had filed that morning and served her attorney, Ms. Travis, prior to the hearing, did not work. Arnold immediately stood up and walked over to police officer Borja who was standing 8 feet away and said: "Sir this woman is harassing me." With his arms spread to keep her away from me, officer Borja inquired "Are you guys serious?" She lied and told officer Borja that Arnold "Made a face at her" and that he "Shook his fist at her". These were straight out lies because Arnold did not antagonize her in any way whatsoever.

13. Ms. Wilkinson filed a false police report against Arnold claiming that she was so scared that she could not walk but officer Borja, who was reading or texting on his phone, stood 8 feet away from Arnold and lawyers Vincent Leon Guerro and Hank Parker were 15 feet straight in front of Arnold and neither heard or saw anything of the falsely alleged incident.

14. After Arnold was falsely accused of shaking his fist at Ms. Wilkinson in the rotunda of the courthouse, he was temporarily detained by marshal Ecle. He asked officer Ecle whether Ms. Wilkinson knew she was on video of which he replied that he didn't know. Arnold made an immediate request for the surveillance videos and officer Ecle escorted him to the Court Marshal's Office and he requested a copy of the videos that would exonerate him and prove his innocence. Deputy Chief Marshal Roland Okada advised Arnold that the police would have to request the videos.

15. The Superior Court of Guam, whether purposely or negligently, failed to preserve the surveillance videos that would have exonerated Arnold and proved that Ms. Wilkinson filed a completely false police report. Allegedly, Ms. Wilkinson filed a false police report against her husband and he spent three days in jail. She already knew how the system works against men when she falsely accused Arnold of shaking his fist at her. A falsely generated criminal misdemeanor case (CM 310-16) was filed against Arnold.

7

Case 1:18-cv-00016 Document 1 Filed 04/30/18 Page 7 of 12

16. On May 06, 2016, Arnold was dressed in a suit to attend the hearing set by Judge Perez. Arnold was detained by officers Champion and Verella near the law library and Arnold advised both Officers Champion and Verella that all they had to do was review the surveillance videos at the courthouse to see that he was innocent and that Ms. Wilkinson had filed a false police report. Officers Champion and Verella ignored Arnold's advisement .... never mind the videos and took Arnold to jail.

17. The Guam Police Department jailed Arnold on his birthday just before the May 06, 2016 hearing and failed to preserve the evidence of the courthouse surveillance videos even after he advised the police of such evidence upon initial contact and before his arrest at the police station.

18. In his report, officer Palacios quoted Arnold while speaking to Dr. Terry Seeman: "I can't believe she did this." And "They have to have her on video." Officer Palacios also failed to secure the videos that would have proved Arnold's innocence.

19. Arnold was transferred to the Department of Corrections for "processing", strip searched, and forced to sleep on a concrete bench without a mattress, pillow, or blanket. At about 1:30 a.m. May 07, 2016, Arnold was transported back to the Hagatna Lock-up facility and forced to sleep on cold plate steel without a mattress,

8

Case 1:18-cv-00016 Document 1 Filed 04/30/18 Page 8 of 12

pillow, or blanket but was given a smelly used sheet to cover himself with. To get out of jail Arnold was put on probation and forced to visit a probation officer once a week and then once a month or call in once a month. This was together with numerous attendances to court hearings.

20.     After 17 months of being on probation for a falsely alleged crime that never occurred, Arnold delivered a letter to the former judge and current Attorney General of Guam, the Honorable Elizabeth Barret-Andersen on October 04, 2017, and much to her good credit, she had the case dismissed the very next morning.

21.     Back to the unlawful detainer hearing. During the next hearing on May 10, 2016, Arnold advised Judge Perez that he could not attend the May 06, 2016 hearing because he had been jailed on false accusations. Arnold then requested an order for the videos. Judge Perez failed to issue an order for the courthouse videos upon request for the order after Arnold advised the judge that he was arrested on false accusations.

22.     During the same hearing of May 10th, the Judge Perez failed to advise Arnold's attorney that there was a previous business relationship between him and San Union's president, Ms. Wilkinson. The judge evicted Arnold from his apartment during the hearing with the eviction taking effect at 5:00 o'clock p.m. on May 16, 2016.

9

23. Arnold had legal occupancy of his apartment until May 16, 2016 but on May 11th his apartment was forcibly entered and burglarized by San Union management with items being stolen or vandalized and the locks were changed. Patrick Sullivan later recovered some of the stolen items from the resident manager, David Andrus. Items recovered were Arnold's Mr. Coffee coffeemaker, dish plates and saucers, and coffee cups. David Andrus also took numerous photographs of the interior of Arnold's apartment.

## CLAIMS FOR RELIEF

24. Defendant police officers had a duty to investigate the falsely alleged crime and secure the surveillance videos from the courthouse before jailing a senior citizen on false pretenses.

25. Defendant police officers breached their duties as set forth above causing Plaintiff great emotional distress.

26. Defendant Ellen Wilkinson harassed plaintiff by chasing and yelling at plaintiff three times in an eight day period causing Plaintiff great emotional distress.

27. Defendant Ellen Wilkinson perpetrated fraud against plaintiff by lying to a police officer in the courthouse and filing a completely false police report against Arnold causing Arnold to be jailed, and in turn, causing Arnold monetary damages

and great emotional distress.

28. Defendant San Union breached the lease contract by evicting Arnold two months prematurely causing Arnold monetary damages and great emotional distress.

29. Defendant San Union either ordered or negligently failed to control its resident manager, David Andrus and instigated him to break and enter Plaintiff's apartment to take photographs of the interior and burglarizing and vandalizing items in the apartment. This caused Plaintiff monetary damages and great emotional distress.

30. Defendant San Union negligently failed to control its resident manager from making death threats against the plaintiff and this caused Plaintiff great emotional distress.

31. Plaintiff's reputation as been severely affected and has caused Plaintiff emotional distress.

## PRAYER FOR RELIEF

32. This is where Arnold is uncertain what to do. If indeed, the United States Department of Labor considers all of the above as a pattern of abuse and retaliation related to the illegal termination of Arnold's employment in its investigation and negotiations with Ms. Wilkinson and San Union then Arnold may dismiss this

case. Arnold reserves the right to file an amended complaint.

32. If indeed does not consider the above issues as a pattern of abuse and retaliation related to the illegal termination of Plaintiff's employment then:

Wherefore, Plaintiff prays for the following relief:

For compensatory damages in excess of $50,000;

For punitive damages in excess of $50,000; for interest at a statutory rate; for costs and attorney fees; and

For such other and further relief this court deems just and equitable.

Respectfully submitted this 30th day of April, 2018,

by: *Richard T. Arnold*

Richard T. Arnold

12

Case 1:18-cv-00016   Document 1   Filed 04/30/18   Page 12 of 12